UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVAN R. COHEN and PATRICIA BELFORD-
COHEN,

                Plaintiffs,

vs.                                     Case No. 2:08-cv-00578-29DNF

NATIONAL CITY MORTGAGE, a division
of National City Bank of Indiana,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant National City Mortgage's Motion to Dismiss Amended Complaint (Doc. #21). Plaintiffs filed a Memorandum of Law in Opposition (Doc. #22) to defendant's Motion to Dismiss. For the reasons set forth below, the motion is denied in part and granted in part.

**I.**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274

(11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274.

Under the Twombly standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." 550 U.S. at 555. Generally, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). In addition, Rule 9(b) of the Fed. R. Civ. P. requires that claims of fraud be pleaded "with particularity." Fed. R. Civ. P. 9(b). This "particularity requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., No. 07-13421, 2008 U.S. App. LEXIS 22066, at *9 (11th Cir. July 24, 2008) (internal quotations omitted). Alternatively, dismissal is

warranted if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

During 2005 and 2006, National City Mortgage (defendant or National City), a mortgage lender, underwrote a substantial number of loans for the purchase of lot/home packages in the Southwest Florida area. Many of these loans were issued on behalf of out-of-state investors. During the same time period, National City solicited local builders and real estate promoters to market and promote its lending services to real estate investors. Specifically, National City, through one of its loan officers, Jody Valvo, sought partnerships with the promoter PCI Homes Program, and builders Villa Homes and Bayfront Construction. In turn, PCI Homes Program offered prospective investors the opportunity to build new homes in Lee County with little or no money down. National City financed lot purchases and their subsequent construction by PCI Homes' named builders.

Evan and Patricia Cohen's (plaintiffs or the Cohens) claims arise from two financial transactions executed on July 21, 2006 and September 22, 2006 in which defendant financed plaintiffs' purchase of two lot/home packages. Plaintiffs allege that National City

failed to qualify the promoters and builders they partnered with, and that National City accepted their spurious appraisals with knowledge that they depicted inflated values. Plaintiffs also contend that National City failed to advise them that they were expected to pay the construction loan interest. Furthermore, the Cohens allege that National City was cognizant of the excessive default risk associated with providing construction financing directly to small general contractors.

Plaintiffs claim that they reasonably relied on National City's superior knowledge of the Southwest Florida housing market in deciding to execute the subject transactions. The Cohens claim that as a result of National City's actions and omissions, they suffered damages through "loan balances [which] are substantially greater than the true fair market value of the property" (Doc. #20, ¶ 20) and through "excessive closing costs and fees" (Doc. #20, ¶ 21).

In a letter dated April 28, 2008, plaintiffs' counsel tendered the security under the notes and mortgages to defendant and demanded rescission. Defendant failed to accept the offer by plaintiffs' April 30, 2008 deadline. On November 4, 2008, the Cohens filed a three-count Amended Complaint (Doc. #20) against National City Mortgage alleging fraud (Count II) and breach of fiduciary duty (Count III). On the same underlying facts, plaintiffs seek rescission of the notes and mortgages executed with defendant (Count I). Defendant argues that the Amended Complaint

-4-

should be dismissed for failure to state a claim upon which relief can be granted.

**III.**

In Count I, plaintiffs seek rescission of the notes and mortgages executed in reliance on defendant's fraudulent representations. Defendant argues that rescission should not be granted since plaintiffs have an adequate remedy at law and because parties cannot be put back into their pre-agreement positions.

In order to state a cause of action for rescission, a claimant must allege the following: (1) the character or relationship of the parties; (2) the making of a contract; (3) the existence of fraud, mutual mistake, false representation, impossibility of performance, or other ground for rescission or cancellation; (4) notice by the party seeking rescission that they have chosen to rescind the contract; (5) an offer to restore benefits claimant received; and (6) inadequacy or absence of a legal remedy. Billian v. Mobil Corp., 710 So. 2d 984, 991 (Fla. 4th DCA 1998); Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc., 174 So. 2d 614, 617 (Fla. 2d DCA 1965).

In their Amended Complaint, plaintiffs describe the character of the parties (Doc. #20, ¶¶ 6-7) and the contracts they executed (Doc. #20, ¶¶ 15-16). In addition, the Amended Complaint alleges the existence of fraud (Doc. #20, ¶¶ 34-40), the notice of rescission and an offer to restore benefits received (Doc. #20, ¶ 30). Although the Court questions plaintiffs' assertion that they

have "no adequate remedy at law," (Doc. #20, ¶ 32), a plaintiff is excepted from pleading the absence of an adequate legal remedy "when the inability of one party to restore [*status quo*] is caused by the very fraud perpetrated by the other party." Bass v. Farish, 616 So. 2d 1146, 1147 (Fla. 4th DCA 1993). The Cohens allege that fraud by National City induced them to execute the mortgages and notes. Since fraud by National City is alleged as the reason that the *status quo* cannot be restored, plaintiffs are excused from alleging the inadequacy of legal remedies. Therefore, plaintiffs adequately plead the elements of rescission, and the motion will be denied on this basis.

**IV.**

Count II of the Amended Complaint outlines the Cohens' specific fraud allegations. In their Amended Complaint, the Cohens allege that National City's omissions directly impacted their decision to execute the subject transactions.

Defendant argues that in the absence of a fiduciary duty, a nondisclosure of material facts is generally not actionable under Florida law. However, "nondisclosure of a material fact may be deemed fraudulent where the other party does not have equal opportunity to become apprised of the fact." Ramel v. Chasebrook Constr. Co., 135 So. 2d 876, 882 (Fla. 2d DCA 1961); see also Billian, 710 So. 2d at 989 (noting that "rescission is also proper where there has been intentional concealment of any fact material to the transaction").

Plaintiffs cite a failure on behalf of defendant to advise them: (1) that appraisals of the lot/home packages were inflated and not a reliable indicator of value; (2) that the Southwest Florida housing market was in decline; (3) that plaintiffs would be expected to pay loan interest; and (4) of excessive and undisclosed closing fees. (Doc. #20 ¶ 18.) Furthermore, they allege that these facts were solely within defendant's knowledge. Defendant's alleged nondisclosure of material facts coupled with plaintiffs' reliance on defendant's superior knowledge is sufficient to support a fraud claim under Florida law.

The facts in the Amended Complaint also satisfy the pleading requirements of Rule 9(b) such that they will survive a motion to dismiss. Plaintiffs identify in their Amended Complaint the specific nature of the omissions made, the name of a responsible National City agent, the subject time frame, and how National City benefitted through the alleged non-disclosure. See Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)(listing pleading requirements of Rule 9(b)).

**V.**

In Count III, plaintiffs claim that National City breached their fiduciary duty by failing to disclose the same facts referenced in Count II. The Court agrees with the defendant that plaintiffs' claim for breach of fiduciary duty is foreclosed by Florida's economic loss rule.

The economic loss rule prohibits an action for breach of

fiduciary duty where "the claim of breach is dependent upon the existence of a contractual relationship between the parties." Detwiler v. Bank of Cent. Fla., 736 So. 2d 757, 759 (Fla. 5th DCA 1999). Stated otherwise, a tort claim for breach of a fiduciary duty is foreclosed where the parties' relationship is entirely dependent on the existence of a contract. Indem. Ins. Co. v. Am. Aviation, Inc., 891 So. 2d 532, 537 (Fla. 2004).

Here, while plaintiffs allege that National City's duty "exceeded that of a lender in a traditional lender/borrower relationship" (Doc. #20, ¶ 42), their entire relationship was nonetheless a contractual one, arising from the existence of the notes and mortgages. Under the facts pleaded, the economic loss rule bars a cause of action for breach of fiduciary duty by defendant. Therefore, Count III fails to state a claim upon which relief can be granted.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #21) is **DENIED IN PART** and **GRANTED IN PART**. Defendant's Motion is granted with respect to plaintiffs' breach of fiduciary duty claim (Count III), and is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this   6th   day of August, 2009.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge